IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| KAROLYN DANETTE McGOWAN § | |
| § | |
| VS. § | CIVIL ACTION NO. H-07-4106 |
| § | |
| COUNTRYWIDE FULL SPECTRUM § | |
| LENDING, INC. § | |

### OPINION AND ORDER

Before the Court is the "Motion for Sanctions" (Instrument no. 36) of Plaintiff, Karolyn Danette McGowan; the Motion seeks sanctions against Defendant, Countrywide Full Spectrum Lending, Inc., for allegedly impeding the discovery McGowan needs to prepare a complete response to Countrywide's pending Motion for Summary Judgment.

The reasons for the current skirmish can be quickly explained. McGowan believes she was terminated from her job as a mortgage loan specialist for Countrywide because Countrywide discovered she had been diagnosed as suffering from multiple sclerosis. Countrywide insists her termination was simply the result of a justifiable reduction in its workforce. McGowan, quite understandably, wants to know if her medical condition was a factor considered by the person or persons at Countrywide who decided that she would be the sole employee terminated from Countrywide's Clear Lake Branch Office. For the last several months, following the filing of Countrywide's Motion for Summary Judgment on October 29, 2008, McGowan has been trying to take the deposition of Wade Comeaux, the man Countrywide has specifically represented to McGowan and this Court as the person who actually made the decision to terminate her as opposed to any other employee. After two aborted efforts to take Comeaux's deposition on January 9,

2009,[1] and June 4, 2009, his deposition was completed on June 9. During his deposition, Comeaux testified that he was **NOT** the person who made the decision to terminate McGowan and he identified the persons he believed were responsible, one of whom, Melissa Manzi, is probably still employed by the successor of Countrywide. As a consequence of Countrywide's false representation McGowan wasted time, money, and effort to procure a worthless deposition which has, in turn, inexcusably delayed the progress of this litigation: McGowan is, after all this time, no closer to being able to fully respond to Countrywide's Motion for Summary Judgment. It is clear that a reasonably diligent inquiry of Countrywide and an honest response would have, long ago, identified the person or persons who targeted McGowan for termination. Therefore, in the opinion of this Court, the imposition of sanctions is appropriate to make McGowan whole.

Under prevailing Fifth Circuit authority, a Magistrate Judge possesses the power to enter non-dispositive discovery orders, including sanction orders awarding reasonable expenses and attorneys' fees. <u>Merritt v. International Brotherhood of Boilermakers</u>, 649 F.2d 1013, 1018 (5th Cir. 1981)   McGowan's attorneys spent a total of 19 hours pursing the useless deposition of Wade Comeaux for which they seek $4,925.00. They also seek reimbursement of the $938.70 cost of the deposition. The Court finds the requests reasonable and it is, therefore, **ORDERED** that Defendant Countrywide Full Spectrum Lending, Inc., or its current successor, and its counsel, Gibson, McClure, Wallace & Daniels, LLP, **SHALL**, within 30 days of the issuance of this Opinion and Order, pay to Plaintiff, Karolyn Danette McGowan and her counsel, Stephen J. Schechter, P.C., sanctions in the sum of <u>$5,863.70</u>.

---

[1] There is some conflicting evidence that Countrywide's counsel may have purposefully prevented Comeaux's deposition on January 9, 2009, by telling him to leave her office after learning that McGowan's lawyer had been delayed; however, this Court sees no present need to decide this issue.

It is further **ORDERED** that McGowan **SHALL**, on or before **August 3, 2009**, serve upon Countrywide its additional requests for production of documents related to Countrywide's decision to terminate her employment.

It is further **ORDERED** that Countrywide **SHALL**, on or before **August 3, 2009**, provide McGowan with the identity and current or last known address and contact information of the person or persons who made the decision that McGowan would be terminated.

It is further **ORDERED** that within 5 days of the receipt of Countrywide's responses to McGowan's requests for production, the Parties **SHALL** contact the Court for the purpose of scheduling a Hearing on the necessity and timing of the deposition of any identified decision maker.

McGowan's further requests that the Court strike Countrywide's Motion for Summary Judgment and preclude it, at trial, from offering evidence of any legitimate non-discriminatory reason for McGowan's termination are **DENIED**.[2] If McGowan is entitled to a judgment on the merits, she should earn it; the monetary sanctions herein imposed are, in this Court's opinion, sufficient to address Countrywide's conduct.

**DONE** at Galveston, Texas, this ___30th___ day of July, 2009.

John R. Froeschner
United States Magistrate Judge

---

[2] This Court is of the opinion that is has the authority to deny, but not grant, these arguably dispositive motions, Cf. Ocelot Oil Corp. v. Sparrow Ind., 847 F.2d 1458, 1462 (10th Cir. 1988) (Striking a party's pleadings), see also Yang v. Brown University, 149 F.R.D. 440, 442-43 (D.R.I. 1993) (Vitiating a party's case by precluding evidence); however, if this Opinion and Order is appealed and the District Court disagrees, the Court asks that this ruling be treated as a Recommendation.